Excerpt from
NORTHWEST LABORERS-EMPLOYERS TRUST FUNDS
TRUST AGREEMENT

ARTICLE II
PURPOSE OF THE TRUST AND APPLICATION OF THE FUND
(Applicable Sections)

Section 8:  **Contributions to Fund.**  Contributions to the Fund shall be due and payable in Seattle, Washington or Spokane, Washington, or at such other location as may be specified by the Trustees, and shall be made in regular monthly installments.  Each contribution to the Fund shall be made promptly on or before the 15th day of the calendar month in which it becomes due and payable.  Each monthly contribution shall include all payments which have accrued in the interim for work performed up to the close of the Individual Employer's payroll record and closest to the last day of the preceding calendar month.  Each monthly contribution shall be accompanied by a report in a form prescribed by the Board of Trustees.

Section 9:  **Delinquent Contributions—Additional Liabilities.**  The parties recognize and acknowledge that regular monthly reports and payment of employer contributions to the Fund are essential to the efficient and economical maintenance of the Health and Security Plan, and it would be extremely difficult, if not impractical, to fix the actual extra expense and damage to the Fund and to the Health and Security Plan which would result from the failure of an Individual Employer to submit reports or to pay such monthly contributions in full within the time provided.  Therefore, if any Individual Employer shall fail to submit a report, or shall submit a report but fail to pay the required monthly contribution, by the 15th day of the calendar month in which it becomes due and payable, and before the first day of the following calendar month, the Trustees may, at their option, impose upon such employer a service charge not to exceed Fifteen Dollars ($15.00) for each late report or late payment made.  In the event that any Individual Employer is delinquent by failing to pay the required contribution before the first day of the calendar month following the month in which said contribution was due and payable, then the Trustees shall assess the delinquent employer as liquidated damages a sum up to 15% of the delinquent payment, or Twenty-Five Dollars ($25.00), whichever is greater, and in addition, delinquent contributions shall bear interest at the rate of 15% per annum from the date of delinquency.  The Trustees shall have the authority to waive all or part of the liquidated damages and interest for good cause shown.

The Trustees may refer the accounts of a delinquent employer to an attorney or a collection agency for collection of unpaid contributions or other assessed charges, to compel production of records and documents as provided for in Article II, Section 11, or to bring legal action to collect all delinquent amounts owing to the fund, and the parties agree that if an Individual Employer is delinquent or defaults in the making of such payments and if the Board of Trustees consults legal counsel with respect thereto or files any suit or claim with respect thereto, such employer shall be liable for reasonable attorney fees, court costs, and all other reasonable

**EXHIBIT B-1**

expenses including payroll auditor's fees incurred by the Board of Trustees in connection with such suit or audit.

In any legal action venue may be laid in King County or Spokane County, Washington, at the option of the Trustees.  Whenever suit is authorized, the suit may be brought in the name of an assignee.

Continued failure to make prompt payments to the fund or willful failure to make required payments shall be deemed a breach of the Collective Bargaining Agreement by the Individual Employer and in such event the parties to the Agreement may jointly or severally bring action against the Individual Employer in law or in equity and may use other economic action to compel the performance of this Agreement as well as the Collective Bargaining Agreement insofar as it relates to the payment of contributions for Health and Security benefits.

**Section 10:  Benefits for Employees of Delinquent Employers.**  Any Employee who shall have been employed with a delinquent Individual Employer shall, despite such delinquency, be entitled nevertheless to receive benefits of the Health and Security Plan provided such Employee executes a written assignment in favor of the Trust assigning any and all claims the employee may have against the Employer by reason of the loss of benefits that might have been sustained as a result of the delinquency of the Employer.  The trust deficiency, if any, arising from such delinquency shall be made up by drawing upon the reserve funds held by the Trustees, so that at no time shall any Employee be denied any benefits hereunder merely by virtue of the delinquency of his Employer in making the contributions required.

**Section 11:  Production of Records and Audits.**  In order to determine if Employers are making proper and total payments, the board of Trustees may require the employers, any Association, any Individual Employer, the Union, any employee, or any other beneficiary to promptly furnish to the Trustees, on demand, any payroll records, other pertinent business records, information, data, reports or documents reasonably required for the purposes of administration of the Fund.  The parties agree that they will use their best efforts to secure compliance with any reasonable request of the Board for any such information, data, report or documents.  The Trustees, or their authorized representatives, may examine and/or audit the pertinent financial records of each Individual Employer with respect to the individual employees benefiting from this Agreement whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Fund.

In the event any such audit shall determine that the Individual Employer is delinquent in the payment of contributions owing the fund, the employer shall be obligated for the costs of such audit; provided, however, that the Board of Trustees may waive the imposition of such costs upon good cause shown.

In the event the Individual Employer refuses to permit the examination and/or audit of pertinent financial records pursuant to this Article, or fails to respond to a written request for examination and/or audit within ten (10) days from the date the request is mailed, the parties agree that the Trustees, or their authorized representatives, may file suit in the appropriate court

**EXHIBIT B-2**

and simultaneously obtain a court order compelling the employer to show cause why the examination and/or audit should not be conducted.

### ARTICLE IX
### GENERAL PROVISIONS
### (Applicable Sections)

**Section 4:** **Parties Bound by Trust Agreement.** This Agreement shall be binding upon and inure to the benefit of all Employers who are now or who may hereafter become Employers, and the heirs, executors, administrators, successors, purchasers and assigns of the Employers, the Employer Associations, the Union, and the Trustees. Any Employer whose membership is terminated by any Employer Association shall nonetheless continue to be bound by this Trust Agreement as long as such Employer continues to be bound by a Collective Bargaining Agreement or Contribution Agreement requiring contributions to this Trust Fund.

**EXHIBIT B-3**